# EXHIBIT I

1   LARA DE LEON (SBN 270252)
    ldeleon@constangy.com
2   **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
    600 Anton Blvd., 11th Floor
3   Costa Mesa, California 92626
    Telephone:  (949) 743-3979
4   Facsimile:  (949) 743-3934

5   SYDNEY WRIGHT (SBN 327622)
    swright@constangy.com
6   **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
    2029 Century Park East, Suite 1100
7   Los Angeles, California 90067
    Telephone:  (310) 909-7775
8   Facsimile:  (424) 465-6630

9

    Attorneys for Defendant
10  RYDER INTEGRATED LOGISTICS, INC.

11                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **FOR THE COUNTY OF SAN BERNARDINO – CIVIL DIVISION**

13

14  NATASHA SCOGGINS,                            Case No. CIVDS2022430

15                    Plaintiff,                 [Assigned for All Purposes to Hon. Judge
                                                 Thomas S. Garza, Dept. S27]
16          vs.

17  RYDER INTEGRATED LOGISTICS, INC., a          **DEFENDANT RYDER INTEGRATED**
    Delaware corporation; RYDER SYSTEM, INC., a  **LOGISTICS, INC.'S ANSWER TO**
18  corporation of unknown jurisdiction; RYDER   **PLAINTIFF'S COMPLAINT**
    SYSTEMS, INC., a corporation of unknown
19  jurisdiction; and DOES 1 through 50,

20                    Defendants.
                                                 Complaint filed:  October 16, 2020
21

22

23          Defendant RYDER INTEGRATED LOGISTICS, INC. ("Ryder") hereby answers the

24  Complaint ("Complaint") of Plaintiff NATASHA SCOGGINS ("Plaintiff") as follows:

25                              **GENERAL DENIAL**

26          Pursuant to Code of Civil Procedure section 431.30(d), Ryder denies, generally and

27  specifically, each and every allegation contained in the Complaint and further denies, generally and

28  specifically, that Plaintiff has sustained any harm, injury, damage or loss in any amount or manner

    _____
    7182630v.1                      ANSWER TO COMPLAINT

1  whatsoever by reason of any act or omission of Ryder, and further denies, generally and specifically,

2  that Plaintiff and/or any other alleged aggrieved employee are entitled to any legal or equitable relief

3  in any amount or manner whatsoever.

4  ### AFFIRMATIVE AND OTHER DEFENSES

5  Without waiving the foregoing, Ryder asserts the following separate and distinct affirmative

6  defenses to Plaintiff's Complaint and each cause of action therein and pray for judgment as set forth

7  below. Ryder also hereby gives notice that it intends to rely upon such other and further affirmative

8  defenses as may become available during investigation and discovery in this action, as Ryder does

9  not presently know all the facts and circumstances regarding Plaintiff's claims. Discovery is

10  ongoing, therefore Ryder reserves the right to amend this Answer to assert additional defenses as

11  new information becomes available. Without admitting any facts alleged by Plaintiff or assuming

12  any burden of proof that it would not otherwise bear under applicable law, Ryder asserts the

13  following affirmative defenses:

14  ### FIRST AFFIRMATIVE DEFENSE

15  **(Failure to State a Cause of Action)**

16  1.    As a separate and distinct affirmative defense to Plaintiff's Complaint and each

17  purported cause of action therein, the Complaint is barred in whole or in part because it fails to state

18  facts sufficient to constitute a cause of action or causes of action against Ryder.

19  ### SECOND AFFIRMATIVE DEFENSE

20  **(Failure to Mitigate)**

21  2.    Ryder alleges that Plaintiff's causes of action are barred, in whole or in part, because

22  Plaintiff failed to mitigate her purported damages, if any, by returning to work with Ryder, finding

23  suitable substitute employment or taking other actions, as required by law.

24  ### THIRD AFFIRMATIVE DEFENSE

25  **(Outside the Scope of Employment)**

26  3.    Plaintiff's claims are barred because, if the alleged conduct occurred, it occurred

27  outside the normal course and scope of employment of the agents or employees of Ryder, if any, and

28  was not authorized or ratified by Ryder.

2

7182630v.1                                    ANSWER TO COMPLAINT

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Good Faith/ Privileged Conduct/ Legitimate Business Reason)

3      4.      Ryder alleges, without admitting that it engaged in or made any of the acts, conduct,

4   or statements attributed to it in the Complaint, that Ryder's alleged conduct toward Plaintiff was

5   done in good faith, privileged and justified, and based on legitimate, non-discriminatory, non-

6   retaliatory, reasons and business necessities certain of which consisted of, among other lawful

7   actions, routine personnel or management decisions that were undertaken for fair and honest reasons

8   and regulated by good faith under the circumstances then existing.

9

## FIFTH AFFIRMATIVE DEFENSE

10

### (Mixed Motive)

11      5.      Plaintiff's claims are barred in whole or in part because, assuming, *arguendo*, that

12   there was a violation of the Fair Employment and Housing Act and/or other violation of law, even

13   without any said impermissible factor, all employment actions taken still would have been taken due

14   to other legitimate, non-prohibited, and/or independent reason(s). Defendant raises the "mixed-

15   motive" defense.

16

## SIXTH AFFIRMATIVE DEFENSE

17

### (Appropriate Remedial Action)

18      6.      Ryder alleges that Plaintiff's purported causes of action, and each of them, are barred

19   as Ryder took all reasonable steps to prevent any alleged discrimination or retaliation once Ryder

20   was made aware of Plaintiff's complaint, if Plaintiff in fact complained. *Wellpoint Health Networks*

21   *v. Super. Ct.*, 59 Cal. App. 4th 110 (1997).

22

## SEVENTH AFFIRMATIVE DEFENSE

23

### (Reasonable Accommodation)

24      7.      Ryder alleges the Complaint is barred, in whole or in part, because to the extent

25   Plaintiff requested an accommodation for her purported disability, such accommodation was not

26   reasonable.

27

28   ///

7182630v.1                                    ANSWER TO COMPLAINT

### EIGHTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

8.     The causes of action alleged in the Complaint, or some or parts of them, are barred because Plaintiff's alleged disability, or perceived disability, could not have been reasonably accommodated without imposing an undue hardship upon Ryder.

### NINTH AFFIRMATIVE DEFENSE

#### (At-Will Employee)

9.     As a separate and distinct affirmative defense to Plaintiff's Complaint and each purported cause of action therein, the Complaint is barred, in whole or in part, because at all relevant times, Plaintiff's employment was "at will," and she could therefore be terminated with or without notice or cause at any time, pursuant to California Labor Code § 2922.

### TENTH AFFIRMATIVE DEFENSE

#### (Complete Performance)

10.     Ryder alleges that Plaintiff's Complaint and each purported cause of action therein is barred, in whole or in part, because Ryder has appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in Plaintiff's Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (No Ratification)

11.     Ryder is not liable for damages because if any person engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Compliant, he or she did so without the knowledge, authorization or ratification of Ryder.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Causation)

12.     Plaintiff's damages, if any, are the proximate result of independent, intervening, or superseding causes, including, without limitation, the conduct of Plaintiff or others, for which or for whom Ryder was and is not responsible. Therefore, Plaintiff's damages, if any, are unrelated to any conduct on the part of Ryder and the Court must reduce or deny any judgment rendered against

4

1  Ryder, accordingly.

2  **THIRTEENTH AFFIRMATIVE DEFENSE**

3  **(Civil Code § 1431.2)**

4      13.    Ryder alleges that Plaintiff's Complaint and each purported cause of action therein

5  are barred, in whole or in part, because any alleged emotional, mental, and/or physical injury

6  suffered by Plaintiff was proximately caused by the acts and/or omissions of persons and entities

7  other than Ryder. Accordingly, Ryder is entitled to an allocation of any and all non-economic

8  damages pursuant to Civil Code§ 1431.2.

9  **FOURTEENTH AFFIRMATIVE DEFENSE**

10  **(Good Faith)**

11      14.    Plaintiff's claims are barred in whole or in part because at all relevant times Ryder

12  did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the

13  California Labor Code, but rather acted in good faith, had reasonable grounds for believing that they

14  did not violate those provisions, and/or acted based on a good faith dispute as to whether any

15  additional wages were owed.

16  **FIFTEENTH AFFIRMATIVE DEFENSE**

17  **(Avoidable Consequences)**

18      15.    Plaintiff's claims are barred, in whole or in part, because of her unreasonable failure

19  to avail herself of Ryder's measures to prevent and correct discrimination, harassment and

20  retaliation, the use of which would have prevented the harm Plaintiff alleges that she suffered.

21  **SIXTEENTH AFFIRMATIVE DEFENSE**

22  **(No Double Recovery)**

23      16.    Ryder alleges that Plaintiff's claims are barred, in whole or in part, to the extent that

24  Plaintiff is seeking multiple penalties or remedies for the same conduct.

25  **SEVENTEENTH AFFIRMATIVE DEFENSE**

26  **(Bad Faith and Frivolous Action)**

27      17.    Ryder alleges that the Complaint, and each alleged cause of action contained therein,

28  was brought by Plaintiff in bad faith and is frivolous, and by reason of the conduct stated herein,

1   Ryder is entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in

2   defending this action pursuant to California Code of Civil Procedure Section 128.7 and/or

3   Government Code section 12965(b).

4                      **EIGHTEENTH AFFIRMATIVE DEFENSE**

5                            **(Interactive Process)**

6          18.    The causes of action alleged in the Complaint, or some or parts of them, are barred

7   because any breakdown in the interactive process, if any, was due to Plaintiff's failure to engage in

8   such discussions with Ryder in good faith.

9                      **NINETEENTH AFFIRMATIVE DEFENSE**

10   **(Lack of Subject Matter Jurisdiction/ Failure to Exhaust Administrative Remedies)**

11         19.    The Complaint and each cause of action alleged therein are barred because this Court

12   lacks subject matter jurisdiction over this Complaint to the extent that Plaintiff failed to timely

13   exhaust her administrative remedies before bringing those claims or filing this lawsuit, as required

14   by law, and/or those causes of action, or some or parts of them, are not within the reasonable scope

15   of any administrative charge allegedly filed by Plaintiff against Ryder.

16                      **TWENTIETH AFFIRMATIVE DEFENSE**

17                              **(Consent)**

18         20.    The Complaint and each cause of action alleged therein are barred because Plaintiff

19   consented and acquiesced to the alleged acts of which Plaintiff now complains.

20                    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

21                          **(Lack of Consideration)**

22         21.    Plaintiff is barred from recovering any damages or other relief by reason of the lack

23   or inadequacy of consideration that defeats the effectiveness of any alleged contract between the

24   parties.

25                  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

26                            **(Statute of Frauds)**

27         22.    Any oral contract is unenforceable because it is required to be in writing pursuant to

28   the Statute of Frauds.

7182630v.1                        ANSWER TO COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

23.    If Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Ryder denies, Ryder is entitled to an offset to the extent that Plaintiff received income, benefits, or money from other sources.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

24.    Some or all of the claims in Plaintiff's Complaint are barred by the doctrine of waiver.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

25.    Plaintiff is seeking to recover more than she is entitled to recover in this case, and an award of the judgment sought by Plaintiff would unjustly enrich Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages Are Unconstitutional)

26.    Although Ryder denies committing or having responsibility for any act that could support recovery of punitive damages in this lawsuit, to the extent any such act is found, recovery of punitive damages against Ryder is unconstitutional under numerous provisions of the United States Constitution, including the Excessive Fines Clause of the Eighth Amendment and the Due Process clauses of the Fifth Amendment, as well as, numerous provisions of the California Constitution, including the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and the Self- Incrimination Clause of Section 15 of Article I.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages against Corporate Defendants)

27.    Ryder alleges that Plaintiff is not entitled to recover punitive damages from Ryder for the alleged acts referred to in Plaintiff's Complaint on the grounds that said acts, if any, were performed by an employee or third party of Ryder, and that none of Ryder's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Ryder

7

1   or its officers, directors, or managing agents have advance knowledge of the unfitness, if any, of the

2   employee or employees who allegedly committed said acts, nor did Ryder employ said employee or

3   employees with a conscious disregard of the rights or safety of others. Civ. Code § 3294.

4   <center>**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</center>

5   <center>**(Estoppel)**</center>

6   28.   Plaintiff is estopped, by reason of Plaintiff's conduct and actions, from asserting the

7   claims alleged in Plaintiff's complaint.

8   <center>**TWENTY-NINTH AFFIRMATIVE DEFENSE**</center>

9   <center>**(Unclean Hands)**</center>

10   29.   Ryder alleges that Plaintiff's causes of action are barred, in whole or in part, pursuant

11   to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately

12   caused or contributed to any and all injuries Plaintiff allegedly suffered, if any such conduct is

13   discovered by Ryder through discovery.

14   <center>**THIRTIETH AFFIRMATIVE DEFENSE**</center>

15   <center>**(After Acquired Evidence)**</center>

16   

17   30.   Plaintiff's claims are barred, in whole or in part, or in the alternative, Plaintiff's

claims for relief, including economic damages, should be denied and/or limited pursuant to the

18   doctrine of "after-acquired evidence" to the extent the doctrine applies in this case

19   

20   <center>**THIRTY-FIRST AFFIRMATIVE DEFENSE**</center>

21   <center>**(Statute of Limitations)**</center>

22   31.   Plaintiff's claims are barred in whole or in part by the applicable statute(s) of

23   limitations.

24   

25   

26   

27   

28   ///

<center>8</center>

1

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### Reservation of Rights

32.     Ryder presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available, and it reserves the right to assert additional defenses in the event that investigation or discovery indicate that they would be appropriate.

### PRAYER

WHEREFORE, Defendant Ryder Integrated Logistics, Inc. prays that:

1.     Plaintiff takes nothing by her Complaint;

2.     Plaintiff's Complaint be dismissed, in its entirety, with prejudice;

3.     Defendants be awarded judgment in their favor against Plaintiff;

4.     Defendants be awarded attorneys' fees and costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem proper.

Date:  January 14, 2021                    **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By:   _____
      Lara De Leon, Esq.
      Sydney Wright, Esq.
      Attorneys for Defendant
      RYDER INTEGRATED LOGISTICS, INC.
      .

9

ANSWER TO COMPLAINT

7182630v.1

1

## **PROOF OF SERVICE**

2

*Natasha Scoggins v. Ryder Integrated Logistics, Inc., et al.,* Case No. CIVDS2022430

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

     I am employed in the County of Orange, State of California. I am over the age 18 and not a party to the within entitled action; my business address is CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 600 Anton Blvd., 11th Floor, Costa Mesa, CA 92626.

5

6

     On **January 14, 2021**, I served the document(s) described as **DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested party(ies) on this action as follows:

7

8

  **SEE ATTACHED SERVICE LIST**

9

10

**BY REGULAR MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Constangy, Brooks, Smith & Prophete, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this Proof of Service.

11

12

13

14

15

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Pursuant to the State of California and County of Los Angeles's March 19, 2020 orders requiring businesses to close due to COVID19, all office personnel are no longer at our physical office and are unable to send physical mail as usual, using only electronic mail; and pursuant to the April 17, 2020 Emergency Rules adopted by the California Judicial Council (Rule 12) mandated electronic service of all documents, I caused a copy of the above document(s) to be sent from e-mail address kcostantino@constangy.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

16

17

18

19

**STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

21

     Executed on **January 14, 2021**, in Costa Mesa, California.

22

23

                        *Katie Costantino*
                        Katie Costantino

24

25

26

27

28

10

ANSWER TO COMPLAINT

7182630v.1

1

**SERVICE LIST**

2

*Natasha Scoggins v. Ryder Integrated Logistics, Inc., et al.,* Case No. CIVDS2022430

3

Heather Appleton, Esq.                          *Attorneys for Plaintiff*
Cherryl F. Cercado, Esq.                        Natasha Scoggins

4

**APPLETON LAW GROUP, APC**
2041 Rosecrans Avenue, Suite 380

5

El Segundo, California 90245
Telephone: (310) 474-7022

6

Facsimile: (310) 474-7023
E-mail:  happleton@appletonlg.com

7

          ccercado@appletonlg.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11